**KENNETH I. GROSS, ESQ., Bar #117838**
**LAW OFFICES OF KENNETH I. GROSS & ASSOCIATES**
**849 South Broadway, Suite 504**
**Los Angeles, CA 90014-3232**
**Telephone: (213) 627-0218**
**Facsimile: (213) 623-4628**
**kgross@kigrosslaw.com**

Attorneys for Plaintiff CHAINA WHOLESALE, INC. dba Deluxe Import, dba WholesaleDeal

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA–EASTERN DIVISION

| | |
|---|---|
| CHAINA WHOLESALE, INC., dba Deluxe Import, and dba WholesaleDeal<br><br>Plaintiff,<br><br>vs.<br><br>WELLMAX INTERNATIONAL, INC., a California Corporation, and doing business as AZ Adapters, SHIN ZHANG; AURELIA PROTECTION, INC., a California Corporation, doing business as AZ Adapters; Adam G; and DOES 1-10, inclusive,<br><br>Defendants.<br>_____ | CASE NO: 5:16-cv-417-JGB-SP<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:<br><br>1. FALSE DESIGNATION OF ORIGIN [15 U.S.C. §1125(a)/ LANHAM ACT §43(a)<br>2. UNFAIR AND FRAUDULENT BUSINESS PRACTICES [B & P §17200, COMPETITION [15 U.S.C. et seq.]<br>3. FALSE ADVERTISING [B & P §17500, et seq] |

COMES NOW plaintiff CHAINA WHOLESALE, INC., dba Deluxe Import, and dba WholesaleDeal, and alleges against defendants as follows:

1. Plaintiff is a California Corporation in good standing with a principal place of business in the County of Los Angeles, State of California.

2. Plaintiff is informed and believes that Defendant WELLMAX

1

FIRST AMENDED COMPLAINT

INTERNATIONAL, INC. ("Wellmax"), is a California Corporation with its principal place of business in Chino, California and is owned and operated by defendant SHIN ZHANG.

3. Plaintiff is informed and believes that defendant SHING ZHANG ("Zhang"), who at all times relevant hereto has a pecuniary interest in defendant Wellmax and operates said company in or near Chino, California, did the acts complained of in the County of San Bernardino.

4. Plaintiff is informed and believes that defendant AURELIA PROTECTION, INC., (AZ) is a California Corporation with its principal place of business in Rancho Cucamonga, CA and is owned an operated by defendant Adam G. and that AZ Adapters is a fictitious business name of defendant AZ. It was incorporated on March 16, 2015.

5. Plaintiff is informed and believes that defendant Adam G. ("Adam"), who at all times relevant hereto has a pecuniary interest in defendant AZ and operates said company in the County of San Bernardino.

6. Plaintiff is informed and believes that, since the time of its creation, now, and at all times relevant to this First Amended Complaint, defendant AZ, was undercapitalized.

7. Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this First Amended Complaint, defendant AZ failed to observe corporate formalities.

8. The true names and capacities, whether individual, corporate, associate or otherwise of defendants DOES 1 through 10, inclusive, are unknown to plaintiff at this time, who therefore sues each of said defendants by such fictitious names; and when their true names and capacities are ascertained, plaintiff will seek leave of

court to amend this complaint and insert such true names and capacities. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as a DOE or named, are responsible in some manner for the events and happenings herein referred to and caused damages directly and proximately thereby to plaintiff.

9. Defendants are sued as principals or agents, servants and employees of said principals and/or agents of each other. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, each of the defendants was the actual or ostensible agent, servant and employee of its co-defendants, and each was at all times herein mentioned acting within the course and scope of such agency and employment.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over the subject matter of this complaint pursuant to 15 U.S.C. §1121 and/or U.S.C. §§1331 and/or 1338(a).

11. This Court has personal jurisdiction over defendants due to the fact that defendants either live or conduct business within the jurisdiction of this Court or have committed the tortious activities described herein, and continue to commit those activities, including trade dress infringement and unfair competition and false advertising in this District. Defendants have sufficient minimum contacts with this District such that the exercise of jurisdiction over said defendants does not offend traditional notions of fair play and substantial justice. Defendants have advertised, marketed, offered to sell, sold and distributed products that infringe the trade dress of plaintiff, and falsely represented, and continue to represent the sale of products they do not sell, and continue to sell infringing products and to

continue to "hijack" Amazon Seller Identification Numbers as hereinafter described, within this District, for the commercial gain of defendants.

12. Defendants have offered for sale, and have sold products on the Internet, specifically the Folding Shopping Cart with Double Basket and the Extra Large heavy-duty folding cart with Liner (the "carts"), by representing on the Internet that the carts they sell are the ones advertised by plaintiff and depicted in Amazon Seller Identification Numbers (ASIN) B0000UZ58C and B002C7U6UI, when in fact they are not.

13. Additionally, supplemental jurisdiction exists over defendants because, plaintiff is informed and believes, that defendants conduct business in California and in this judicial district, and purposefully direct action to California and this District, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over defendants does not offend traditional notions of fair play and due process.

14. Venue is proper in this District, pursuant to 28 U.S.C. §1391(b) because Plaintiff is informed and believes that a substantial part of the acts giving rise to the claims described herein occurred in this judicial district, and have caused damage to plaintiff in this District and will continue to cause damage to plaintiff. The products advertised to be those of plaintiff, which they were not, were advertised, marketed and promoted in this District, and products consumers purchased believing they were the carts plaintiff sells, were shipped from a location in this District, and in some instances, to a buyer in this District. Defendants' activities as described herein, done in this District, directly interfere with plaintiff's business activities and cause damage to plaintiff, including a loss of sales, profits, and goodwill.

## FACTS

15. In 2012 plaintiff began selling "folding shopping cart" products under Amazon.com's online catalogue identified by ASIN B0000UZ58C and ASIN B002C7U6UI, by itself or by through its wholesale customer. In 2012, these ASIN's sales were 1 or 2 carts per week. Over the years, the plaintiff worked hard on customer satisfaction, and quality improvements, and in late 2015, the daily sales of products under these ASINS's reached 200 -300 sales per day. On Google search results of "folding shopping cart" the first link is to ASIN B0000UZ58C's detail page. Attached hereto and incorporated herein as Exhibit A is a true and correct copy of each of the Details Page for the ASINs described herein created and exclusively use by plaintiff, until the acts complained of herein by defendants. Amazon.com is a well known electronic commerce company on which multitudes of sellers list products for sale through the Internet. While other sellers of the same product are allowed to offer their products for sale on the same details page, and to contribute to the details page information for accuracy and completeness, they are not allowed to alter the original product represented by the ASIN, and they must offer the identical product featured on the page associated with the ASIN. Sellers are also not permitted to "hijack" ASINs brand and title information and represent they are the original seller of the product, and ship a different version of the product than that featured in the ASIN originally. Hijacking of ASINs is a new phenomenon afflicting Amazon and legitimate sellers.

16. Plaintiff is informed and believes that hijacking occurs when a seller on Amazon discovers a product that is a top seller in its field and seeks to divert

5
FIRST AMENDED COMPLAINT

intended purchasers of that product to its product that is similar but not the same as the product featured in the ASIN. An ASIN is assigned to the product on a details page bearing that ASIN. Other sellers can offer the identical product as that featured on the details page and it is not uncommon for several sellers to list their product on the same details page provided it is the same product. They can compete based on price, or perhaps offer a different condition (refurbished or used). However, the products must be identical.  Following purchase of a product, customers often rate the product by 1-5 star system by writing a review online about the quality of product and service they received from the seller (known as feedback).  The customer reviews are viewable by other potential customers visiting the ASIN detail page.   By changing the detail page brand and title information, the high rank of the ASIN from searches and the prior customer reviews are also hijacked for the benefit of a new seller selling a different product. Because only one ASIN can be assigned to a particular product this is the way Amazon sought to insure that everyone receives the same product. However, a hijacker is able to change the title of the product in the details page by taking unethical advantage of Amazon's automated system known as "Detail Page Control".

Unscrupulous sellers are able to change the information advertised on the ASIN detail page to state that the product is now offered by another company by a different brand, and not the original seller. Furthermore, they can perform a "Test Buy" from the original company to claim "Not As Advertised", "Not Authentic", "Counterfeit", or "Infringement" of the product being sold under the ASIN.

ASINs becomes valuable by years of hard work on quality control, customer service, and advertising by the original seller.  Search engines such as Google or Amazon rank the ASIN high, after customers have left many 4 and 5 star reviews. The conversion rate from visit to sale also increases significantly.  Then, a new seller, knowing how to manipulate the Amazon system, is able to hijack the ASIN within a few days or weeks, and benefit from the sales revenue generated by the ASIN.

17. Continuously from the time of creation of the ASINs referenced herein, plaintiff has utilized those particular ASINs to sell the carts. By virtue of these sales plaintiff has derived profits and a high customer rating, all of which have been seriously and irreparably damaged by defendants infringing acts as described herein.

18.  The manner in which plaintiff presents, promotes, advertises, markets, and the appearance by which it offers it products to the public, is its protectible trade dress.

19.  In or about October, 2015 defendants altered the details pages so that it no longer stated the carts were by DLUX or WholesaleDeals (plaintiff's dba), but rather altered the name of the original seller to state the carts were by Wellmax and were being sold by AZ Adapters, which is a dba of defendant Aurelia Protection and owned and operated by defendant Adam. Otherwise, the manner in which the products were promoted, advertised, marketed and the overall appearance of the way said products in the ASIN details pages were offered to the public on Amazon.com, remained, and has remained, the same.  Attached hereto and incorporated herein as Exhibit B is a true and correct copy of the altered details page with regard to ASIN B0000UZ58C and ASIN  B002C7U6UI,

indicating the carts are by defendant Wellmax.

20. Not only did defendants fraudulently claim they are the original seller of the carts and therefore owner of the ASINs, they sold different products than those offered by plaintiff, and of an inferior quality, despite the fact that the details pages of the ASINs created by plaintiff still featured prominently the products sold by plaintiff, although defendant did not sell these particular products, yet defendant represented that they sold identical products.

21. After taking over or "hijacking" the ASINs created by plaintiff, defendants Zhang and or defendant Adam, and DOES 1-10 reported to Amazon.com that plaintiff was infringing on ASIN B0000UZ58C and as a result Amazon.com de-listed the carts sold by plaintiff pursuant this ASIN and prohibited plaintiff from selling the carts on Amazon.com, despite the fact that it is defendants who are infringing. Thereafter, plaintiff has been able to obtain control of the ASINs, only to have the defendants Aurelia and Adam, wrest control of them again and engage in the activities described above. Plaintiff would again obtain control, and Aurelia and Adam would again hijack the ASINs. Defendant Adam has not denied his actions and in fact has boasted he would block plaintiff.

22. As a result of the actions of defendants, plaintiff has lost significant sales and profits and its goodwill has been seriously damaged by virtue of the infringing acts of defendants, and sale of inferior products which have prompted numerous customer complaints.

## FIRST CAUSE OF ACTION FOR FALSE DESIGNATION OF ORIGIN & UNFAIR COMPETITION

(Infringement of Trade Dress against all defendants)

[§43(a) Lanham Act/15 U.S.C. §1125(a)

23.  Plaintiff realleges paragraphs 1-22 of the Complaint and incorporates them by this reference as though fully set forth herein.

24.  Plaintiff, is the owner of all common law right, title, and interest in and to plaintiff's trade dress, with the sole right to exploit it, and has standing to bring this action for false designation of origin and unfair competition under §43(a) of the Lanham Act/15 U.S.C. §1125(a).  Plaintiff's asserted trade dress comprises their total, unique marketing appearance and strategy and are therefore inherently distinctive, or have otherwise acquired distinctiveness, attracting many other sellers of the same product and customers to list on the details page created by plaintiff and bearing the ASINs listed above.

25.  Commencing in or about October, 2015 defendants, through their principals defendant Shin Zhang and defendant Adam, hijacked, as described above,  the ASINs described herein, and  began, without authorization from plaintiff to market their own brand of  shopping carts on Amazon.com using the ASINs obtained and exclusively used by plaintiff for years, by falsely representing, Wellmax was the original seller of the products (the carts) depicted in the ASINs and featured in Exhibit A, and were now sold by AZ Adapters.  Such actions are likely to cause confusion or mistake as to the source of the products or for one to assume the carts of plaintiff are being sold, when they are not, or to deceive as to the affiliation, connection or association of defendants with plaintiff, and/or as to the origin, sponsorship, ratification, or consent to defendants' activities as described herein. Plaintiff was able to re-gain control over the ASINs after the actions of defendants, but defendants again engaged in the acts described above and wrested control of the ASINs. When plaintiff would get them back,

defendants again would hijack the ASINs. This process has gone on for many months.

26. Defendants' conduct as described above, violates the Lanham Act, and defendants have and are unfairly competing with and have injured plaintiff through the loss of sales and loss of goodwill. Unless defendants are restrained and enjoined, plaintiff's injury and damages will continue, and the damage to the goodwill and reputation represented in the trade dress of plaintiff will be irreparably harmed.

27. Defendants Zhang, Wellmax, Aurelia, Adam, and DOES 1-10, have taken the further outrageous step of reporting plaintiff to Amazon.com as an infringer of ASINs B0000UZ58C and B002C7U6UI, and Amazon.com who has in turn refused to allow plaintiff to list its carts for sale on said e-commerce site for long periods of time, until plaintiff documented to Amazon it's prior, superior, and lawful right to exclusive use of the ASINs.

28. The conduct of defendants as described herein has been knowing, deliberate, willful and intentional, intended to cause confusion or mistake among consumers and Amazon.com and to deceive, all so that defendants might gain financially, in total disregard of the rights of plaintiff.

29. Defendants knew, or in the exercise of reasonable care should have known, that their adoption and commencement of use in commerce of the ASINs as their own, created by plaintiff for the sale of shopping carts by Wellmax without any change would be and is confusing to the customers of both plaintiff and defendants and is deceptive, as was the reporting to Amazon.com, that plaintiff is infringing on defendants' alleged intellectual property rights in ASINs B0000UZ58C and B002C7U6UI.

30. Defendants outrageous and intentional conduct as described herein, are acts and conduct that unfairly competes with plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers.

31. Defendants' continuing and knowing use of plaintiffs' trade dress, and goodwill, through the continual hijacking of the ASINs constitutes false designation of origin and unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

32. Defendants' wrongful conduct has permitted and will continue to permit them to make substantial sales and profits on the strength of plaintiff's marketing, strategy advertising, sales and consumer recognition of plaintiff's product quality first depicted in the ASINs and detail pages described herein.  As a direct and proximate result of defendants' wrongful conduct, plaintiff has been and will be deprived of sales of the carts in an amount presently unknown but to be determined at trial, and has been deprived of the value of its trade dress as a commercial asset in an amount not yet known but to be determined at trial. Plaintiff seeks damages and an accounting of defendants profits, and request that the Court grant plaintiff three times that amount in the Court's discretion.

33. As a result of defendants' wrongful conduct as described herein, plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including defendants' profits, treble damages, reasonable attorneys' fees, costs, and prejudgment interest.

## SECOND CAUSE OF ACTION FOR UNFAIR AND FRAUDULENT BUSINESS PRACTICES

(California Business & Professions Code §17200 against all defendants)

34. Plaintiff realleges paragraphs 1-33 of the complaint and incorporates them by this reference as though fully set forth herein.

35. By doing the activities complained of herein, namely, taking over the ASINs and details pages used for years by plaintiff, and selling its products, as well as the other acts complained of, including reporting plaintiff as an infringer when defendants knew plaintiff was the one originally selling its products using the ASINs, as well as defendant Adam making threats to plaintiff, defendants have engaged in unfair competition, including but not limited to unlawful, unfair and fraudulent business practices in violation of §17200, et seq. of the California Business and Professions Code.

36. These acts of defendants complained of herein are in violation and derogation of plaintiff's rights and are likely to cause consumer confusion, mistake and deception to the public as to the source, origin, and quality of the goods being sold by defendants, thereby causing loss, damage, and injury to plaintiff and to the public, as well as an attempt by defendant Adam to intimidate plaintiff. Plaintiff is informed and believes that defendants' conduct was intended to cause such loss, damage, injury and intimidation.

37. Defendants knew, or in the exercise of reasonable care should have known, that their adoption and commencement of use in commerce of the ASINs as their own, created by plaintiff, for the sale shopping carts by Wellmax without any change would be, and is confusing to the customers of both plaintiff and defendants, and is deceptive, as was the reporting to Amazon.com, that plaintiff is infringing on defendants' alleged intellectual property rights in ASINs B0000UZ58C and B002C7U6UI, as well as the repeated hijacking of the ASINs

as described herein, each time control is restored by Amazon.com to plaintiff.

38. By taking the actions described herein, defendants intended to, and did induce consumers to buy their products by representing they were the same products that could be obtained from plaintiff, representing that they were the same products that had been sold under the identified ASINs by plaintiff for years, the subject of favorable customer reviews, when in fact the products were not the same as plaintiff, but the products of defendants, which were different carts than those sold by plaintiff.

39. The conduct of defendants alleged, was undertaken by defendants intentionally to deceive, cause confusion, or mistake on the part of consumers, and to harm and intimidate plaintiff and was outrageous, malicious, oppressive and in conscious disregar of the rights of plaintiff.  As a result, plaintiff is entitled to an award of exemplary and punitive damages to an example of and punish defendants in an amount determined by this Court to be just.

40.  In furtherance of this scheme to unlawfully promote its products, defendants reported plaintiff to Amazon.com as an infringer, thereby causing Amazon.com to de-list plaintiff's carts, thereby preventing their sale, and resulting in lost profits.  Each time plaintiff was able to wrest control of the ASINs back from defendant and be restored as a seller, defendants again would hijack the ASINs and report plaintiff as an infringer.

41.  Defendants' wrongful conduct has permitted and will continue to permit it to make substantial sales and profits on the strength of plaintiff's marketing strategy, advertising, sales and consumer recognition of plaintiff's product quality first depicted in the ASINs described herein.  As a direct and proximate result of defendants' wrongful conduct, plaintiff has been and will be

deprived of sales of the carts in an amount presently unknown but to be determined at trial, and has been deprived of the value of its ASINs and trade dress as a commercial asset in an amount not yet known but to be determined at trial. Plaintiff seeks damages and an accounting of defendants profits, and request that the Court grant plaintiff three times that amount in the Court's discretion.

42. Plaintiff has no adequate remedy at law for defendants' continuing violation of its rights set forth herein and as a result plaintiff seeks an Order from this court restraining and enjoining defendants' unlawful conduct.

43. Plaintiff further requests that the Court impose a constructive trust on all money and assets obtained with money from sales of products derived by defendants from the use of plaintiff's ASINs.

## THIRD CAUSE OF ACTION FOR FALSE ADVERTISING

(California Business & Professions Code §17500, et seq. against all defendants)

44.  Plaintiff realleges paragraphs 1-43 of the Complaint and incorporates them by this reference as if fully set forth herein.

45. Defendants and each of them made representations that were misleading in the promotion, marketing and advertising of their products, in particular that the shopping carts they sold were the same ones sold by plaintiff, which they were not, and are not, and they are the creator of the ASINs identified herein or otherwise entitled to use them for the sale and marketing of their products, and the details pages associated with them. In furtherance of this scheme to mislead, defendants Shin Zhang, Aurelia, Adam, and DOES 1-10 reported to Amazon.com that plaintiff is an infringer on its rights, thereby prompting Amazon.com to de-list the products of plaintiff related to ASINs B0000UZ58C and B002C7U6UI, .

46. Defendants knew, or in the exercise of reasonable care should have known, that their adoption and commencement of use in commerce of the ASINs as their own, created or originally used by plaintiff, for the sale of its shopping carts by Wellmax without any change would be and is confusing to the customers of both plaintiff and defendants and is deceptive, as was the reporting to Amazon.com, that plaintiff is infringing on defendants' alleged intellectual property rights in ASINs B0000UZ58C and B002C7U6UI, as well as continually hijacking those ASINs each time their control was restored to plaintiff.

47. By taking the actions described herein, defendants intended to, and did induce consumers to buy their products by representing they were the same products that could be obtained from plaintiff by using the trade dress depicted in the details page of ASINs plaintiff created and representing they were the original seller or manufacturer of the shopping carts plaintiff sold.

48. Plaintiff is informed and believes that the conduct herein alleged, was undertaken by defendants intentionally to deceive, cause confusion, or mistake on the part of consumers, and to harm plaintiff, in contravention of the rights of plaintiff and consumers.

49. As a result, members of the public were likely to be deceived and members of the public and plaintiff were harmed and continue to be harmed by the actions of defendants.

50. A result, this court should assess a penalty of $2,500 for each misleading statement made by defendants, each time said misleading statements were made, including those made to each consumer who viewed the ASINs at issue herein, after defendants did the acts complained of herein.

51. Plaintiff is entitled to, and seeks attorney fees pursuant to Code of

Civil Procedure §1021.5.

**WHEREFORE** plaintiff prays for judgment as follows:

1. For an award of defendants' profits and plaintiff's damages in an amount to be proven at trial for infringement of plaintiff's trade dress under 15 U.S.C. §1125(a);

2. In the alternative to actual damages and defendants' profits for the infringement of plaintiff's trade dress pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election plaintiff will make prior to the rendering of final judgment;

3. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under Business and Professions Code §17200;

4. For statutory damages for False Advertising in the amount of $2,500 for each instance of false and misleading advertising, promotion and marketing including each time the ASINs discussed herein were viewed by potential consumers, following the acts of defendants as complained of herein;

5. For temporary, preliminary and permanent injunctive relief from this Court prohibiting defendants from hijacking the ASINs identified herein , or any ASIN used by plaintiff, from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising, marketing and promoting of its products through the use of plaintiff's ASINs as its own, or in any way representing it sells the identical products as plaintiff, unless in fact they do, or doing any other act in derogation of the rights of plaintiff;

6. For an Order from this Court requiring that defendants provide complete

accountings, and for equitable relief, including that defendants disgorge and return or pay their unlawful gains obtained from the illegal actions described herein and or to pay restitution, including the amount of monies that should have or would have been paid to plaintiff if defendants had acted in accordance with the law and not done the acts complained of herein;

    7. For an Order from this Court that a constructive trust be imposed over all monies and profits in defendants' possession that rightfully belong to plaintiff as well as all other items, things, including negotiable instruments obtained by defendants with the monies and profits rightfully belonging to plaintiff.

    8. For damages according to proof at trial for restitution;

    9. For treble damages suffered by plaintiff as a result of the willful and intentional infringement as described herein engaged in by defendants per 15 U.S.C. §1117(b);

    10. For an award of exemplary and punitive damages in an amount determined to be just to punish and make an example of defendants.

    11. For reasonable attorney fees;

    12. For costs of suit herein incurred;

    13. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

    Plaintiff respectfully demands a trial by jury in this action pursuant to Local Rule 38-1.

July 12, 2016	Kenneth I. Gross & Assoc.

by /s/ Kenneth I. Gross
Kenneth I. Gross, Esq.
Attorneys for plaintiff
CHAINA WHOLESALE, INC. dba Deluxe Import, dba WholesaleDeal